IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON J. JORDAN,

                Petitioner,                OPINION and ORDER

   v.

                                                   23-cv-57-jdp
UNITED STATES OF AMERICA,              21-cr-70-jdp

                Respondent.

---

Petitioner Jason Jordan pleaded guilty to conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a) and 1594(c). I sentenced him to a four-year term of imprisonment to be followed by ten years of supervised release. Jordan appealed his conviction, but he voluntarily dismissed the appeal. *See United States of America v. Jordan*, 21-cr-70-jdp, Dkt. 69. Jordan moves to vacate his sentence under 28 U.S.C. § 2255 on four grounds: (1) his counsel was ineffective; (2) his counsel did not adequately explain the consequences of the plea agreement; (3) the prosecutor threatened him with more serious charges if he did not plead guilty; and (4) the prosecutor promised him a more favorable sentence than the one he received. Dkt. 1.

The case is before the court for screening under Rule 4 of the Rules Governing Section 2255 Cases, which requires me to dismiss the petition if it plainly appears that Jordan is not entitled to relief. It appears that Jordan procedurally defaulted on his claims because he did not raise them on appeal. I will give Jordan a short time to show cause why his claims are not barred as defaulted.

A claim may not be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016).

Jordan does not state that he raised any of the grounds in his petition in his appeal. And, even if he had brought the issue to the attention of the court of appeals, he voluntarily dismissed his appeal. The court of appeals did not have an opportunity to address the claims he raises in his petition, so he cannot raise them in a collateral attack on his conviction. *See Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993) (concluding that petitioner had procedurally defaulted by withdrawing appeal).

A defendant is not barred from raising an ineffective assistance of counsel claim for the first time on postconviction review "if his counsel for the direct appeal was his trial counsel, who can hardly be expected to challenge on appeal his own ineffectiveness at trial." *United States v. Taglia*, 922 F.2d 413, 417–418 (7th Cir. 1991). But Jordan was appointed a different attorney for his appeal, *see United States of America v. Jordan*, No. 22-1227, Dkt. 9 (7th Cir. Mar. 7, 2022), so that does not excuse his failure to present his ineffective assistance of counsel claim on appeal.

Procedural default can be overcome "by showing cause for the default and actual prejudice or that failure to consider the defaulted claim will result in a fundamental miscarriage of justice." *Cross v. United States*, 892 F.3d 288, 294 (7th Cir. 2018). To show cause, the petitioner must demonstrate that some objective factor external to the petitioner impeded his efforts to bring a claim on direct appeal. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). To establish prejudice, a petitioner must show that the alleged errors in his criminal proceedings "worked to his actual and substantial disadvantage," which infected his entire proceeding with "error of constitutional dimensions." *Perruquet v. Briley*, 390 F.3d 505, 515 (7th Cir. 2004). A fundamental miscarriage of justice occurs only where the petitioner presents evidence showing

2

that he is "actually innocent" of the charges against him or the punishment imposed. *See, e.g., Dretke v. Haley*, 541 U.S. 386, 393 (2004).

I will give Jordan an opportunity to overcome his default by showing: (1) what cause he may have for his failure to present his claims on appeal; and (2) what prejudice he will suffer as the result of his failure to raise these claims properly; or (3) whether a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If Jordan fails to show that his procedural default should be overlooked, I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Jason Jordan may have until March 15, 2023, to show cause why his petition for a writ of habeas corpus should not be dismissed as procedurally defaulted.

Entered February 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge