IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JASON J. JORDAN,

                Petitioner,                OPINION and ORDER

   v.

                                                            23-cv-57-jdp

UNITED STATES OF AMERICA,              21-cr-70-jdp

                Respondent.

---

       Petitioner Jason Jordan moves to vacate his sentence under 28 U.S.C. § 2255, contending that (1) his counsel was ineffective; (2) his counsel did not adequately explain the consequences of the plea agreement; (3) the prosecutor threatened him with more serious charges if he did not plead guilty; and (4) the prosecutor promised him a more favorable sentence than the one he received. Dkt. 1. I screened Jordan's motion under Rule 4 of the Rules Governing Section 2255 cases, which requires me to dismiss the petition if it plainly appears that Jordan is not entitled to relief. Dkt. 2. It appeared that Jordan procedurally defaulted on his claims because he did not raise them on appeal, so I gave Jordan a short time to show cause why his claims were not barred as defaulted. *Id.*

       Jordan has responded to the court's order. Dkt. 3. Jordan states that he voluntarily dismissed his appeal on the advice of his appellate counsel, who told Jordan that he could raise an ineffective assistance of counsel claim in a postconviction proceeding. *Id.*

       I conclude that Jordan has not procedurally defaulted on his claims. In general, a claim may not be raised for the first time in a § 2255 motion if it could have been raised on direct appeal. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). However, that rule does not apply to claims for ineffective assistance of counsel. *Cooper v. United States*, 378 F.3d 638, 640

n.1 (7th Cir. 2004). A petitioner can raise an ineffective assistance of counsel claim in a § 2255 proceeding "whether or not the claim could have been raised on direct appeal." *Id.* (internal quotation marks omitted).

As for Jordan's other claims based on alleged prosecutorial misconduct, a § 2255 petitioner cannot be faulted for failing to raise a claim on appeal if the claim is based on evidence outside of the trial record. *United States v. Taglia*, 922 F.2d 413, 418 (7th Cir. 1991). It appears that Jordan's claims are based on communications with the prosecutor that were not a part of the record in his district court case, so it is permissible for Jordan to raise them for the first time in his motion under § 2255.

Because it does not plainly appear that Jordan's motion must be dismissed, I will set briefing on Jordan's motion. The government is free to develop argument that Jordan's motion is barred as procedurally defaulted in its response brief, if it wishes to do so.

ORDER

IT IS ORDERED that respondent may have until May 4, 2023, to file a brief in opposition to Jordan's motion to vacate his sentence. The response must address all claims on the merits, even if respondent contends that the motion fails on one or more procedural grounds. Jordan's reply is due May 25, 2023.

Entered April 4, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge